Filed 5/20/14  P. v. Turner CA4/1

### NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>CHERYL TURNER,<br><br>    Defendant and Appellant. | D065057<br><br><br>(Super. Ct. No. SCD249266) |

APPEAL from a judgment of the Superior Court of San Diego County, Dwayne K. Moring, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Cheryl Turner was charged with corporal injury to a spouse or roommate (Pen. Code, § 273.5, subd. (a)),[1] and it was specially alleged she personally used a dangerous and deadly weapon in the commission of the offense (§§ 12022, subd. (b)(1) & 1192.7,

_____

1    All further statutory references are to the Penal Code unless otherwise specified.

subd. (c)(23)). Turner was also charged with assault with a deadly weapon (§ 245, subd. (a)(1)) and it was specially alleged she personally used a deadly weapon in connection with that offense (§ 1192.7, subd. (c)(23)). The felony complaint also alleged Turner had two prior serious felony convictions (§§ 667, subd. (a)(1), 668 & 1192.7), and had suffered numerous prior strike convictions within the meaning of sections 667, subdivisions (b) through (i), 1170.12 and 668.

The parties entered into a plea bargain pursuant to which Turner pleaded guilty to the corporal injury charge, and admitted one of the prior strike allegations, with the further agreement the other charges and allegations would be dismissed, and with the understanding she could receive a maximum term of imprisonment of 8 years, a $10,000 fine, and four years of parole or postrelease community supervision.

After rejecting Turner's motion under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 to dismiss the remaining prior strike allegation, the court sentenced her to a total term of four years, plus various fines. Turner obtained a certificate of probable cause and filed a notice of appeal. We affirm the judgment.

FACTS

Turner admitted that, on July 2, 2013, she inflicted corporal injury resulting in a traumatic condition on her cohabitant. She also admitted that, in 1985, she was convicted of a violation of Penal Code section 245, subdivision (a)(1), alleged as a prior strike.

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to

review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738.  Counsel identifies as possible, but not arguable, issues: whether Turner was misadvised of the consequences of her guilty plea and whether the trial court abused its discretion when it denied her motion to dismiss the prior strike allegation she admitted.

We granted Turner permission to file a supplemental brief on her own behalf, but she has not responded.  A review of the record pursuant to *People v. Wende, supra,* 25 Cal.3d 436 and *Anders v. California, supra,* 386 U.S. 738 has disclosed no reasonably arguable appellate issues.  Turner has been competently represented by counsel on this appeal.

DISPOSITION

The judgment is affirmed.

McDONALD, J.

WE CONCUR:

HALLER, Acting P. J.

McINTYRE, J.

3